Gants, J.
Following a hearing on February 2, 1999, the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board of Appeal”) upheld the insurance surcharge imposed on the plaintiff, Domenico Pietrolungo (“Pietrolungo”), for being more than fifty percent at fault in an automobile accident that occurred on May 6, 1998. Pietrolungo initiated this matter by filing a surcharge appeal pursuant to G.L.c. 175, §113(P), contending that the Board of Appeal improperly found him more than fifty percent at fault in that auto accident. A hearing on this appeal was scheduled on January 24, 2000, at which only the plaintiff appeared, the defendants having waived their right to appear. Although no written motion for judgment on the pleadings was filed by any party, it is plain that all sides wish this Court to resolve this matter based on the filed Administrative Record as if such a motion had been filed by all parties. Certainly, by failing to appear at the hearing, despite a specific telephone inquiry from the Clerk of Court asking whether they wished to appear, the defendants have waived any objection they may have had to resolving this case without a written motion for judgment on the pleadings. For the reasons stated below, plaintiffs motion for judgment on the pleadings is ALLOWED and defendants’ cross-motion is DENIED.
The decision of the Board of Appeal must be affirmed if supported by substantial evidence, that is, such evidence that a reasonable mind might accept as adequate to support a conclusion. G.L.c. 30A §1(6). The burden rests on Pietrolungo to demonstrate that the Board’s decision was not supported by substantial evidence. Merisme v. Board of Appeal of Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the Board’s determination, I am obliged to give deference to the Board’s experience and expertise in these matters. G.L.c. 30A§14(7); Fitchburg Gas & Electric Co. v. Department of Public Utils. 394 Mass. 671, 681 (1985) (reviewing Department of Public Works decision under ch. 30A). Accordingly, if the Board of Appeal’s decision is supported by substantial evidence, I may not reverse it even if I would have ruled differently from the Board had I heard the case de novo. Embers of Salisbury, Inc. v. ABCC, 401 Mass. 526, 529 (1988).
According to the Administrative Record, there is no dispute that Pietrolungo was stopped in the right-hand lane on a road in Malden, waiting to make a left turn across traffic into the Rosebud Grocery parking lot. A truck driver in the left hand lane was nice enough to stop and wave to Pietrolungo to invite him to cross in front of him. Pietrolungo accepted this offer and crossed in front of the truck to enter the parking lot. However, the driver of the car that was behind the truck was impatient and decided to pass the truck on the right as Pietrolungo was crossing, and they collided.
*280 Under 211 C.M.R. §74.04(15), the operator of a vehicle “shall be presumed to be more than 50% at fault when operating a vehicle making a left turn or U-turn across the path of travel of another vehicle moving ... (b) in the opposite direction, and whose vehicle is in a collision with such vehicle.” There can be no question that this presumption fits the facts of this case. Once it is found to apply, it is “determinative unless and until the operator overcomes the presumption by producing sufficient evidence . . .” 211 C.M.R. §74.03. I conclude that the Board of Appeal’s finding that he had not overcome this presumption was not supported by substantial evidence.
There is no evidence that Pietrolungo did anything wrong. He stopped to make a left turn, waited until a truck in the opposite lane stopped to let him go and indeed waved him on, and made the turn into the parking lot. He had no reason to know that the car behind the truck would refuse to wait and attempt dangerously to pass on the right. The fault for the accident rests primarily with that impatient driver, not with Pietrolungo.[1]
Indeed, what was Pietrolungo, according to the Board of Appeal, supposed to do when the truck driver stopped to allow him to cross? Was he really to remain paralyzed for fear that the driver behind the truck would rashly attempt to pass on the right? Drivers always have to rely to some degree on other drivers acting sensibly; otherwise, driving would become so defensive as to force traffic nearly to a standstill. The logical extension of the Board of Appeal finding is that Pietrolungo should have waved off the truck driver and rejected his invitation to cross for fear that the driver behind the truck would attempt to pass. While it would have been better in retrospect for Pietrolungo to have driven so defensively as to imagine this possibility, he cannot be found at fault for failing to do so.
Giving due deference to the Board of Appeal, I find that its decision that Mr. Pietrolungo was more than fifty percent at fault in this accident was not supported by substantial evidence.
Consequently, its finding to uphold the insurance surcharge is hereby VACATED.
ORDER
It is therefore ORDERED that Plaintiffs Motion for Judgment on the Pleadings is ALLOWED and that Defendants’ Cross-Motion for Judgment on the Pleadings is DENIED.

In view of these undisputed facts, it is not surprising that Pietrolungo was found by the District Court to be “not responsible” when he challenged the citation issued to him for Failure to Yield Right of Way. While the Board of Appeal is correct that this finding does not legally preclude a contrary finding, it does corroborate this Court’s finding that a contrary finding was not supported by substantial evidence.